UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELICA ANN CHANCELLOR,

    *Plaintiff*,

    v.

ELON MUSK, et al.,

    *Defendants*.

Civil Action No. 1:25-cv-02103 (UNA)

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses the case without prejudice.

Plaintiff, a resident of Chicago, sues Elon Musk, DOGE, and the Department of Treasury. *See* Compl. at 1–4. Plaintiff's Complaint is incomprehensible and does not contain any cognizable allegations. Instead, she cites repeatedly, and without explanation, to multiple federal statutes, *see id.* at 3–5, and then asks the Court to "exercise 31 U.S. Code § 3123 to make credits/refunds," *see id*. at 5, but § 3123 does not provide a private right of action, *see Williams v. Bank of America*, No. No. 24-3245, 2025 WL 2196249, at *4 (D. Md. Aug. 1, 2025) (citing cases); *Allston v. Florida Dep't of Revenue*, No. 24-cv-1085, 2024 WL 4988262, at *1 (M.D. Fla. Oct. 21, 2024), *R&R adopted*, 2024 WL 4985941 (M.D. Fla. Dec. 5, 2024) (citing cases); *Desty v. Exeter Finance, LLC*, No. 24-02227, 2024 WL 4648252, at *4 (N.D. Ga. Oct. 9, 2024) (citing cases), *R&R adopted*, 2025 WL 928822 (N.D. Ga. Mar. 27, 2025).

1

Furthermore, *pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls squarely within this category, failing to establish a cognizable claim, or to establish this Court's subject matter jurisdiction.

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 17, 2025

_____
CARL J. NICHOLS
United States District Judge